UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC

    Plaintiff

v.

JOHN DOE,

    Defendant

_____/

Case No. 8;19-cv-579-T-23SPF

OBJECTION TO THIRD PARTY SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.

COMES NOW Respondent, subscriber to IP address 34.138.57.42, to whom the referenced Subpoena is directed, by and through his/her undersigned counsel, in accordance with Rule 45, Federal Rules of Civil Procedure, hereby files this Objection and Exceptions to Third Party Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action which was issued April 12, 2019 (referred to herein as the"Subpoena"), and a copy of which is attached hereto, in the above-referenced case. Respondent files this objection with Strike 3 Holdings, LLC. The Respondent files this Objection anonymously to avoid disclosure.

As grounds therefor he/she states:

1. The Respondent is a Florida resident and business owner who rents his home as an Airbnb.

2. The Subpoena seeks the confidential name and address of the registered owner of an IP address that is used as part of that Airbnb business where there are multiple independent guests that stay at the home and have done so for the last two years.

3. The complaint giving rise to this investigation is not based on any particular person and the confidential information requested on the Subpoena will not lead to any of the multiple individuals that may or may not have any actionable instances.

4. Respondent contends that the underlying affidavit and other documents attached to the Subpoena show that there is no probable cause nor even a "reasonable cause" that any offense has been committed by the Respondent and that this is likely a proprietary fishing exercise based on some internet algorithm that has no actual ability to identify any copyrighted material being possessed by the Respondent.

5. The Respondent objects to the Subpoena because Respondent believes that the Subpoena may not have been lawfully issued and that the order is not proper.

   a. That the Subpoena was not lawfully issued (including that the Subpoena was not based on reliable evidence of reasonable cause or that the complaint made initiating the investigation is not legally sufficient.)

   b. That the Subpoena requires the production of irrelevant material.

WHEREFORE, the Respondent objects to the Subpoena.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed and served as follows:

Filed via telefax (with original following via certified mail, return receipt requested), to: Rachel E. Walker, Esq. 600 Brickell Avenue, Ste 3600, Miami, FL 33131, Tel (305) 789-2770. Fax (305) 537-3967. Email: Rachel.Walker@gmlaw.com

with a copy served via telefax (with original following U.S. mail, postage prepaid), to:

Charter Communications, Inc./Spectrum, c/o Legal Compliance, 12405 Powerscourt Dr., St Louis, MO 63131. Fax (314) 909-0609. Email: leroc@charter.com

ATTACHMENT: Subpoena.

GLEN R. LANSKY, ESQUIRE
Fla. Bar No: 985392
Lansky Law Group
5476 Lithia Pinecrest Road
Lithia, Florida 33547
813-657-1995
Attorney for Defendant

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| STRIKE 3 HOLDINGS, LLC | Civil Action No.: 8:19-cv-00579-SDM-CPT |
|---|---|
| *Plaintiff* | |
| v. | |
| John Doe subscriber assigned IP address 35.138.57.42, | |
| *Defendant.* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications, Inc./Spectrum
c/o Legal Compliance
　　12405 Powerscourt Dr.
　　St. Louis, MO 63131
　　T: (314) 394-9702
　　F: (314) 909-0609
　　Email: leroc@charter.com

**Serve: Via Upload to Legal Response Portal**

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlined by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 35.138.57.42 | 01/14/2019 12:43:07 |

| Attn: Rachel E. Walker<br>Place: Greenspoon Marder, LLP<br>　　　　600 Brickell Avenue, Suite 3600<br>　　　　Miami, FL 33131<br>　　　　Tel.: (305) 789-2770<br>　　　　Fax: (305) 537-3967<br>　　　　Email: Rachel.Walker@gmlaw.com | Date and Time:<br><br>May 3, 2019 @ 5:00 PM EST |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __04/12/2019__
          *CLERK OF COURT*

                                            OR

_____        /s/ Rachel E. Walker
*Signature of Clerk or Deputy Clerk*        *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

Rachel E. Walker
Greenspoon Marder, LLP
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Tel.: (305) 789-2770
Fax: (305) 537-3967; Email: Rachel.Walker@gmlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC

    Plaintiff,

v.                                                                          Case No. 8:19-cv-579-T-23SPF

JOHN DOE,

    Defendant.
_____/

## ORDER

Before the Court is Strike 3 Holdings, LLC's ("Plaintiff") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). (Doc. 8). Upon consideration, Plaintiff's Motion is GRANTED.

### I.

This case arises out of the alleged infringement of Plaintiff's copyrights over various motion pictures produced by Plaintiff and distributed through subscription-based adult websites and DVDs. (Doc. 1). Specifically, Plaintiff claims that Defendant infringed its copyrights over eighty-four motion pictures by illegally distributing such work using the BitTorrent file distribution network in violation of the United States Copyright Act of 1976. (Doc. 1 at ¶36).

Plaintiff argues that despite Defendant's intent to infringe Plaintiff's content anonymously, Plaintiff identified Defendant's Internet Protocol ("IP") addresses as the source of the infringement. (Doc. 8-2 at ¶¶7, 8, 9). Plaintiff further argues that Spectrum,

1

Defendant's Internet Service Provider ("ISP"), can identify Defendant through his or her IP address. As a result, Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Spectrum requesting the true name and address of Defendant. (Doc. 8 at 3).

## II.

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) unless authorized by court order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for convenience of the parties or witnesses, and in the interests of justice, and may order discovery of any relevant matter for good cause. Fed. R. Civ. P. 26(b)(1), 26(d)(2); *Malibu Media, LLC v. Doe*, No. CV 15-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless, Inc. v. Holden Prop. Services, LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Here, Plaintiff has established "good cause" to serve a third-party subpoena on Spectrum. First, Plaintiff appears to establish a prima facie case of copyright infringement in this case. Plaintiff states that it holds copyrights over the motion pictures at issue and that a forensic investigation revealed infringement of Plaintiff's rights over such work by Defendant. (Doc. 1, Ex A; Doc. 8-2 at ¶¶7–9; Doc. 8-4 at ¶¶7–11). Second, Plaintiff identified that the alleged infringement occurred through Defendant's IP address, the IP address was assigned by the ISP Spectrum, and the ISP records are the only way to obtain Defendant's true identity. (Doc. 8-2 at ¶7–10; Doc. 8-3 at ¶7–10). Third, the information

Plaintiff seeks is time sensitive because ISPs typically do not retain users activity logs for an extended duration. *See Arista Records LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008). Because Plaintiff's ability to pursue its claim depends on its ability to timely obtain Defendant's identifying information, the Court finds that good cause exists in this case to deviate from the normal discovery process.

Accordingly, it is hereby ORDERED

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 8) is GRANTED.

2. Due to the risk of false identification and the nature of the copyright material involved in this case, Defendant may proceed anonymously as "John Doe" in this action until the Court orders otherwise.

3. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

4. Plaintiff may immediately serve a Rule 45 subpoena on the ISP seeking only the name and address of the Defendant to whom the ISP assigned the IP address as set forth on Exhibit A to the Complaint in this action. Plaintiff is not permitted to subpoena the Defendant's telephone number or email address.

5. Plaintiff shall attach a copy of the Complaint (Doc. 1), and this Order to any subpoena, and if the ISP qualifies as a "cable operator" as defined in

47 U.S.C. § 522(5),[1] then this Order shall be considered an appropriate court order under 47 U.S.C. § 551.[2]

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED in Tampa, Florida, on April 2, 2019.

*(signature)*

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

4